EDWIN P. MURRAY, FRANK E. MIDKIFF, ATHERTON RICHARDS, RICHARD LYMAN, JR., AND HERBERT K. KEPPELER, TRUSTEES ESTATE OF BERNICE PAUAHI BISHOP, *v.* BERT T. KOBAYASHI, ATTORNEY GENERAL OF THE STATE OF HAWAII.

No. 4555.

September 21, 1967.

Richardson, C.J., Mizuha, Marumoto, Abe and Levinson, JJ.

OPINION OF THE COURT BY ABE, J.

Plaintiffs-appellants are Trustees of the Estate of Bernice Pauahi Bishop, a perpetual charitable testamentary trust whose benefactor died in 1884. In the administration of the Kamehameha Schools as directed by her will they have restricted the hiring of teachers to persons of the Protestant religion.[1]

The trustees filed a Bill for Instructions in the Circuit Court of the First Circuit asking the court to determine whether Act 180, S.L.H. 1963,[2] is applicable to the hiring of teachers of the Kamehameha Schools and, if applicable, whether it is valid under the constitutions of the United States and the State of Hawaii.

---

[1]Paragraph 13 of the will provided "that the teachers of said schools shall forever be persons of the protestant religion * * *."

[2]Chapter 90A, R.L.H. 1955, 1965 Supplement, [Act 180, S.L.H. 1963, as amended by Act 44, S.L.H. 1964] made it unlawful for an employer to discriminate against any person because of his race, sex, religion, color or ancestry.

Exceptions are provided in Section 90A-8 which reads as follows:

"*Exceptions.* Nothing contained in this part shall be deemed to:

(a) repeal or affect any law or ordinance or government rule or regulation having the force and effect of law which prohibits, restricts or controls the employment of minors;

This is an appeal from the judgment of the trial court holding that the act, as amended, is applicable to the Kamehameha Schools and as applied to the schools is constitutional and valid.

All parties are in agreement with the findings of the trial judge that the Kamehameha Schools are charitable and educational organizations; that the Bishop Memorial Church is a religious organization; that both the Kamehameha Schools and the Bishop Memorial Church are operated and controlled by the trustees; that the auditorium of Kamehameha Schools is used for the services of the Bishop Memorial Church; that the church is a member of the Hawaii Conference of the United Church of Christ, an organization of congregational churches; that the church is non-denominational; that the services at the church are non-sectarian; that the non-denominational and non-sectarian character of the church and its services is apparently not inconsistent with its congregational character; that with money of the estate, the trustees employ a chaplain of the schools and the chaplain is both a faculty member of the schools and the pastor and president of the Bishop Memorial Church under the by-laws of the church; that the church has ninety-one members, a majority of whom are students at the Kamehameha Schools; that about 20 teachers of the schools also are members of the church; and that all boarding students at the Kamehameha Schools are required to attend Sunday morning services at the Bishop Memorial Church.

The trustees contended in the trial court that Kamehameha

---

(b) prohibit or prevent the establishment and maintenance of bona fide occupational qualifications;

(c) prohibit or prevent the termination of or change the employment of any person who is unable to perform his duties;

(d) affect the operation of the terms or conditions of any bona fide retirement, pension, employee benefit or insurance plan;

(e) prohibit or prevent any religious or denominational institution or organization, or any organization operated for charitable or educational purposes, which is operated, supervised or controlled by or in connection with a religious organization, from giving preference to persons of the same religion or denomination or from making such selection as is calculated by such organization to promote the religious principles for which it is established or maintained;

(f) conflict with or affect the application of security regulations in employment established by the United States or the State of Hawaii."

Schools are "operated for charitable or educational purposes * * * in connection with a religious organization."

Although the will of Mrs. Bishop did not direct the trustees to establish religious schools, her entire will is permeated with expressions of her interest in the exposition of the Protestant religion in Hawaii.

In recognition of this interest the trustees established the Bishop Memorial Church as an integral part of the Kamehameha Schools and injected religion in the school program.[3]

A review of the record clearly shows that the Kamehameha Schools and the Bishop Memorial Church are operated by the trustees in connection with one another.

We hold that Kamehameha Schools are duly excepted as charitable or educational organizations operated in connection with the Bishop Memorial Church, a religious organization, under the provisions of Section 90A-8 (e), R.L.H. 1955, 1965 Supplement.

Judgment reversed.

*J. Garner Anthony (John H. R. Plews* with him on the briefs, *Robertson Castle & Anthony* of counsel) for plaintiffs-appellants.

*Vernon F. L. Char*, Special Deputy Attorney General, (*Bert T. Kobayashi*, Attorney General, and *James H. S. Choi*, Deputy Attorney General, with him on the briefs) for defendant-appellee.

*J. Russell Cades* and *Donald A. Beck* (*Smith, Wild, Beebe & Cades* of counsel) for The Friends of Kamehameha Schools and *Bernice Pauahi Bishop Estate*, amicus curiae.

---

[3]On page 14 of the decision the trial judge found from uncontroverted evidence that:

"The trustees have brought religion into the Schools with: (1) five minutes of daily devotions at the beginning of each school day; (2) a prayer before each meal at Schools; (3) compulsory Sunday Chapel attendance for all boarding students; (4) religious teaching by home-room teachers in kindergarten and the first and second grades; (5) teaching of religion by Christian Education teachers for 30 or 40 minutes once a week in grades third through eighth; (6) talks by the Chaplain or Assistant Chaplain to classes on religious aspects or allusions in subjects such as science, literature and social studies, in grades ninth through twelfth, about fifty times a year; (7) Sunday School for seventh and eighth grade students; and (8) voluntary student activity in connection with the school Chapel or religious or quasi-religious organizations at the Schools."